CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 18 2017

JULIA C. DUDLEY, CLERK
BY: /s/ H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MARTINEZ O. WITCHER, | ) | CASE NO. 7:16CV00335 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| HAROLD W. CLARKE, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

Martinez O. Witcher, a Virginia inmate proceeding pro se, has submitted a pleading entitled "RELIEF FROM A JUDGMENT AND ORDER PURSUANT TO RULE 60B(4)," seeking to vacate a 2004 conviction in the Pittsylvania County Circuit Court. Because Witcher's allegations as a whole sought to void the state court criminal judgment under which he is currently incarcerated, the court docketed his pleading as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Two weeks after his first pleading, Witcher also submitted an actual § 2254 petition. Respondent filed a motion to dismiss, and Witcher responded, making the matter ripe for disposition. After review of the record, I grant the motion to dismiss the motion and petition.

I. Background

In 2004, Witcher was convicted of armed statutory burglary, two counts of robbery, malicious bodily injury, and three counts of use of a firearm in the commission of a felony. The Pittsylvania County Circuit Court sentenced him to forty-eight-years-imprisonment. The Virginia Court of Appeals affirmed his convictions, and the Virginia Supreme Court refused review. After failing to receive habeas relief in the state court, he filed a federal habeas petition which Judge James Turk dismissed in 2010 without prejudice for failure to comply with the conditional filing order. On July 14, 2016, Witcher filed a motion under Rule 60(b)(4) seeking

to overturn his armed statutory burglary conviction as void and jurisdictionally defective because the trial court "fraudulently struck out the 'nighttime' element of the indictment" without authority. Additionally, Witcher filed a § 2254 petition with five grounds:

(1) The Richardsons' statements were inconsistent.

(2) The trial court only struck out "in the nighttime" and did not re-arraign Witcher on the amended indictment.

(3) The officer had his headlights on because it was raining and not because it was dark outside.

(4) The double jeopardy clause was violated by the judge when the judge allowed an amendment that he raised himself when the prosecution did not want to ask for an amendment.

(5) Mrs. Richardson stated in the Victim Impact Report that she had no physical injuries but at trial testified that she received bruises from Witcher which was a fraudulent statement.

## II. Discussion

### a. Rule 60(b) Motion

Now, Witcher relies on Rule 60(b) of the Federal Rules of Civil Procedure as authority for an order from this court to reverse his convictions in the Pittsylvania County Circuit Court.

Lower federal courts, like this one, do not have jurisdiction to conduct appellate review of any state court's judgment. Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997). Jurisdiction for appellate review of state court judgments lies exclusively with superior state courts and, ultimately, with the United States Supreme Court. Id.; 28 U.S.C. § 1257; but see Plyler, 129 F.3d at 732 (recognizing lower federal courts' jurisdiction to review final judgments of state courts in federal habeas corpus).

Witcher also has no ground for direct relief from a state court judgment under Rule 60(b). The Federal Rules of Civil Procedure, by their own terms, only "govern the procedure in all civil actions and proceedings in the United States district courts . . . ." Fed. R. Civ. P. 1. Therefore, these rules cannot provide a vehicle by which a litigant may seek relief from any state court ruling whatsoever, criminal or civil.[1] Witcher may only use Rule 60(b) to attack "some defect in the integrity of the *federal habeas proceedings*." Id. at 532 (emphasis added). Since Witcher attacks his underlying state court criminal convictions and not the 2010 dismissal of his § 2254 petition, his claim fails under the Federal Rules of Civil Procedure.

Additionally, Witcher alleges that the circuit court erred in deciding whether to strike language in a state criminal statute. His claim is based entirely upon a state court interpreting a state law, which is outside the realm of federal habeas review except in circumstances showing "a complete miscarriage of justice." See Wright v. Angelone, 151 F.3d 151, 158 (4th Cir. 1998). Witcher fails to demonstrate that the state court's actions resulted in a complete miscarriage of justice; he fails to prove his actual innocence; therefore, his claim is not cognizable in federal court.[2]

---

[1] A Rule 60(b) motion is an extraordinary remedy that is "not a substitute for a timely and proper appeal," and thus is an "inappropriate mechanism for directly challenging the validity of [] state convictions." Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993); Olsen v. Angelone, 2015 WL 6873607, at *1-2 (W.D. Va. Nov. 9, 2015) ("[Rule 60(b)] may not be used[] independently . . . to challenge or overturn a federal or state criminal conviction."). Further, the application of Rule 60(b) is strictly limited on federal habeas review because of the potential to "circumvent[] AEDPA's requirements that a new claim be dismissed unless it relies on a new rule of constitutional law or newly discovered facts." Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005).

[2] A colorable claim of actual innocence can serve as a "gateway" to secure the adjudication of an otherwise unreviewable or defaulted claim. Schlup v. Delo, 513 U.S. 298, 315 (1995). "The petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of [some] new evidence." Id. at 327. Witcher does not assert a colorable showing of actual innocence under the Schlup standard so as to open that gateway to consideration of his defaulted claims. Witcher does not cite Schlup or McQuiggin v. Perkins, 133 S. Ct. 1924 (2013), he does not present any new compelling evidence unavailable at trial or on appeal, and he only makes conclusory statements regarding his innocence. See Pet'r's § 2254 Pet. 15, 17 (ECF No. 5) ("I just recently found out about these errors in my case and hopefully, I will be allowed to move forward with my action in this court because I've been trying for the last 10 years to prove my innocence to any court that would listen to me." Also, "Please allow me to file a Writ of Habeas Corpus in the federal court so I can prove my innocence to the court and go home to my children!"); see also, Burket v. Angelone, 208 F.3d 172, 183 n.10 (4th Cir. 2000) (finding that as

3

### b. *§ 2254 Petition*

Regardless of Witcher's Rule 60(b) motion, his § 2254 petition is time-barred. Under § 2244(d)(1), a petitioner must file his federal habeas petition within one year from the latest of when: (1) his conviction became final by the conclusion of direct review or the expiration of the time for seeking such review, (2) any illegal state created impediment to filing was removed, (3) the United States Supreme Court recognized a new, retroactively applied constitutional right, or (4) the factual predicate of the claim could have been discovered through due diligence. 28 U.S.C. § 2244(d)(1).

A petitioner can "toll" the federal habeas statute of limitation in two ways: statutory tolling and equitable tolling. Statutory tolling occurs when a petitioner files a state habeas petition within the federal statute of limitation period. The federal habeas statute of limitation is then tolled for the duration of the state habeas proceeding. 28 U.S.C. § 2244(d)(2). Equitable tolling occurs only if a petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544, U.S. 408, 418 (2005)).

Witcher's direct appeal and state habeas proceedings concluded several years ago. He has not satisfied the requirements of any of the exceptional circumstances under § 2244(d), he is not entitled to tolling,[3] and he has not demonstrated a miscarriage of justice that would excuse his untimeliness. Therefore, his § 2254 petition is time-barred.

### III.

---

petitioner bears burden to raise cause and prejudice or actual innocence, a court need not consider either if not asserted by petitioner).

[3] "[I]gnorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

4

For the foregoing reasons, I grant Respondent's motion to dismiss, and dismiss the 60(b) motion and the § 2254 petition for a writ of habeas corpus. Based upon my finding that Witcher has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

**ENTER**: This 18th day of May, 2017.

*[signature]*
Senior United States District Judge